UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Levi E. Robertson,<br>   Plaintiff, | CIVIL ACTION<br>NO: _____ |
| v. | JUDGE _____, SECTION _____ |
| State of Louisiana and the Department of Transportation and Development,<br>   Defendants. | MAGISTRATE _____, DIVISION \_ |

### Complaint for Damages and Class Action

Plaintiff Levi E. Robertson, on behalf of himself and all similarly situated persons, complains of actions by the State of Louisiana and the Department of Transportation and Development and presents the following:

### Parties

1. Plaintiff, Levi E. Robertson, a person of full age and major residing in and who has resided in the Parish of Tangipahoa in the State of Louisiana.

2. Defendants, The State of Louisiana and Louisiana's Department of Transportation and Development.

### Jurisdiction and Venue

3. This action arises under the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States of America as plaintiffs claim a constitutional taking of property without just compensation.

4. This action also arises under the State Constitution of Louisiana Article I, Section 4 as the plaintiffs claim a constitutional taking of property without just compensation.

1

5. This action also arises under the Louisiana Civil Code for damages caused by the defendants that fall and for which a remedy is provided in Articles 655 through 658, 667, and 2317.1.

6. Plaintiff, on behalf of himself and all similarly situated persons (the proposed class members), seeks just compensation for property and damages.

7. Plaintiff and all similarly situated persons are property owners in the State of Louisiana. The claims and property taken and/or negatively impacted are in Tangipahoa Parish, Louisiana.

8. Jurisdiction and Venue are proper pursuant to the 28 U.S.C. §1983 and 28 U.S.C. §1367 for claims based upon violations of the United States Constitution and for claims to which this Court has supplemental and/or pendent jurisdiction.

Facts

9. The State of Louisiana and its Department of Transportation and Development constructed a section of Interstate Highway I-12 across the Tangipahoa flood plain near the town of Robert, Louisiana over a distance of approximately one and two tenths mile.

10. The section of I-12 crossing the flood plain created a dirt embankment or dam across more than 75% of the flood plain with only three small and inadequate openings for water to flow through.

11. The defendants constructed this section of Interstate Highway I-12 even though no hydrologic studies were done to determine the backwater effect or to determine the return frequency of any rainfall event and resulting runoff discharge for this location.

12. The defendants constructed this section of Interstate I-12 even though they were aware that the hydraulic designs for the highway, including the number of bridge openings and

their locations and size, were inadequate so that water could not flow under Interstate Highway 12 in a manner where the water could continue down the flood plain without causing flooding of the surrounding countryside.

13.	The defendants knew in the 1960's of the design flaws of the to-be built highway, and they were warned as early as 1973 that the dirt embankment was causing upstream flooding after only minimal rainfall events. Even with this knowledge both during construction and since, the defendants have failed to take reasonable actions to prevent damage to surrounding property owners.

14.	When analyzing the flood plain and the highway built using the defendants' model of choice (HEC-RAS) it becomes clear that the flooding that occurs when rain events that are within a 15 to 20 year return frequency flood (such as events in 1983, March 2016, and August 2016) and that this flooding is and will be caused by the openings or lack thereof (number, size, and placement) under Interstate Highway 12. This has not been challenged – in fact it has been agreed to – by USGS engineers and all other experts who have looked at the highway and the flood plain at issue.

15.	The construction of this section of I-12 has resulted in severe and repeated flooding in Tangipahoa Parish both upstream and downstream of Interstate Highway 12, namely flooding in 1983, March of 2016, and August of 2016 that severely inundated the property of thousands of residents and property owners of Tangipahoa Parish.

16.	The flooding caused by the Defendants actions was so severe and repetitive that it has damaged and condemned the property, both real and personal, of these persons resulting in a governmental taking.

17. The damage to the property of the plaintiff and the proposed class members was the natural, direct, and probable consequence of the Defendants' actions and would not have occurred but for the Defendants' actions. Due to the remaining existence of the unchanged structure (the Interstate Highway 12 bridge across the Tangipahoa Flood Plain), the flooding and taking is repetitive, continual, and ongoing (and likely permanent due to the condemnation and/or lack of available flood insurance).

18. Plaintiff and the class suffered damages to the property, both real and personal, in addition to personal injuries that resulted from the defendants' actions and failure to take reasonable care regarding the construction, use, and control of highway I-12 across the flood plain.

19. The defendants are liable for these damages under Louisiana Civil Code Articles 655-658, 667, and 2317.1 to the plaintiff and the proposed class for their actions, knowledge, and failures to act reasonable in the construction, use, and control of the I-12 crossing and disrupting the natural drainage causing damages to them personally and to their property.

<u>Request to Proceed as a Class Action</u>

20. Robertson brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21. Plaintiff seeks to represent a class consisting of all persons and entities whose real property, real property interests, or personal property damaged by the flood water caused by Interstate Highway 12 across the Tangipahoa Flood Plain, including those flooded by the back water caused by the highway and those flooded by water that went over the top of the interstate highway.

22.     This action is properly brought as a class action because the class members are so numerous that joinder of all of them is impracticable. Flood waters in the 1983 flood damaged over 400 persons' property, and the two floods of 2016 were equal or greater than the 1983 flood. While the exact number of class members is unknown, it is believed that more than 6,000 people will be part of the proposed class.

23.     This action also is brought as a class action because common questions of law and commons questions of fact exist as to all class members, and these common questions predominate over questions solely affecting individual class members, including

   a. Whether the flooding caused in the Tangipahoa Flood Plain was and is caused by the defendants' actions;

   b. Whether the flooding caused in the Tangipahoa Flood Plain was the natural and probable consequence of the defendants' actions;

   c. Whether the flooding resulted in damages to the property owners in the Tangipahoa Flood Plain area; and

   d. Whether the defendants violated the Fifth Amendment of the United States Constitution and the Article I, Section 4 of the Constitution of the State of Louisiana by taking such action, taking the property as understood in the law, and not providing just compensation.

24.     Not only do these common questions predominate, proceeding as a class action provides a superior means to fairly and efficiently adjudicating the controversy.

25.     Plaintiff's claims are typical of the other class members' claims, and his claims do not conflict with the other class members' claims, as both plaintiff and the class members seek

common relief for property and personal damage due to Defendants' actions, inaction, and unconstitutional taking.

26. The class members' interests will be adequately and fairly protected by the plaintiff, Robertson, whose interests are consistent with the class members.

27. Plaintiff and the class members will be represented by counsel experienced in class actions and flood cases.

28. Moreover, the defendants have acted or refused to act on grounds generally applicable to the class.

29. Class certification is therefore appropriate under the Rules of Civil Procedure, specifically Rule 23, and federal law.

30. Not proceeding as a class action will result in a multiplicity of lawsuits, cause undue hardship and expense for those damaged by the floods, cause more lawsuits to be filed, and create a risk of inconsistent rulings and adjudications relating to both those damaged and the defendants.

<u>Damages Sought</u>

31. As a direct and proximate result of the defendants' actions, inactions, and unconstitutional taking without just compensation of the plaintiff's and the class members property due to the flooding, plaintiff and the class members are entitled to and seek just compensation and all damages permitted by law and determined at trial.

32. The damages detailed in this complaint are initially estimated to be in excess of $100,000,000 (one hundred million dollars). Plaintiff and the class are entitled to receive all just and equitable compensation for their damages, including but are not limited to:

   a. emotional injuries;

      b. property damages;

      c. diminution in value of property;

      d. remediation costs; a

      e. all other relief to which they may be entitled.

33. Plaintiff and the class members are also entitled to and seek to recover all their reasonable and necessary attorneys' fees, litigation expenses, and court costs as permitted by law.

34. Plaintiff requests a trial by jury.

WHEREFORE, plaintiff Robertson, on behalf of himself and the class members, requests that this Court to declare (a) that the State of Louisiana and Department of Transportation has taken the plaintiff's and the class members' property, both real and personal, (b) that these defendants did not provide just compensation for the taking, (c) that the defendants must provide just compensation, (d) that the defendants caused damages, and (e) to determine and order the defendants to pay the just compensation to plaintiff and each class member as well as pay the damages along with attorneys' fees and costs associated along with granting all other relief that this Court deems just and proper.

                                      Respectfully submitted,

                                      /s/ Eric R. Nowak
                                      Eric R. Nowak (La. #27025)
                                      HARRELL & NOWAK, LLC
                                      650 Poydras St., Suite 2107
                                      New Orleans, Louisiana 70130-6101
                                      Telephone: (504) 522-7885
                                      Facsimile: (504) 528-3131
                                      enowak@hnjustice.com

                                          and

Byard Edwards, Jr. (La. # 5282)
902 C.M. Fagan Drive, Suite G
Hammond, LA 70403
Telephone: (985)520-2131
Fax: (985)902-7515
Email: byardedwards@bellsouth.net

Attorneys for Plaintiff and Proposed Class

8