# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LEVI E. ROBERTSON

VERSUS

STATE OF LOUISIANA, ET AL.

CIVIL ACTION

NO.: 17-00138-BAJ-EWD

## RULING AND ORDER

Before the Court is the opposed **Motion for Leave to File Second Amended Complaint and Class Action (Doc. 16)** ("Proposed Second Amended Complaint") filed by Plaintiff, Levi E. Robertson; as well as the **Motion to Dismiss (Doc. 7)** filed by Defendants, State of Louisiana ("State") and the Louisiana Department of Transportation and Development ("DOTD"). Plaintiff seeks to amend his First Amended Complaint (Doc. 12) to clarify that he and the purported class seek an injunction for prospective relief from an ongoing federal taking by adding as additional Defendants, Dr. Shawn White, Secretary of the Louisiana Department of Transportation ("Secretary White"); and Jay Dardenne, Commissioner of Administration for the Division of Administration, State of Louisiana ("Commissioner Dardenne"). (Doc. 16 at p. 1).

Defendants, State and DOTD (hereinafter "Defendants"), seek the dismissal of the claims brought by Plaintiff under the Eleventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. An Opposition to each Motion was filed. (Docs. 19, 17). Defendants filed

1

a Reply in Support of the Motion to Dismiss. (Doc. 21). The Court does not have jurisdiction under 28 U.S.C. § 1331. Oral argument is not necessary.

For the following reasons, the **Motion for Leave to File Second Amended Complaint and Class Action (Doc. 16)** filed by Plaintiff is **DENIED.** The **Motion to Dismiss (Doc. 7)** filed by Defendants is **GRANTED.**

## I.    BACKGROUND

The facts in the operative complaint and the proposed second amended complaint are identical. Plaintiff asserts that this action arises under the takings clause of the Fifth Amendment, as extended to the states by the Fourteenth Amendment, as Plaintiff claims a constitutional taking of property without just compensation. (Doc. 12 at ¶ 3). Plaintiff further asserts state law claims under the Louisiana State Constitution Article I, Section 4's Takings Clause; as well as, Louisiana Civil Code Articles 655–58 and Articles 667 and 2317.1, which prohibits the alteration or interference with natural drainage servitudes. (*Id.* at ¶¶ 4–5).

According to Plaintiff, Defendants State and DOTD constructed a section of Interstate Highway I-12 ("Interstate 12") across the Tangipahoa River flood plain near the town of Robert, Louisiana, over a distance of approximately one and two tenths mile. (*Id.* at ¶ 9). Plaintiff asserts that the section of Interstate 12 crossing the flood plain created a dirt embankment or dam across more than 75% of the flood plain with only three small and inadequate openings for water to flow through. (*Id.* at ¶ 10).

Plaintiff further alleges that Defendants "were aware that the hydraulic designs for the highway, including the number of bridge openings and their locations

2

and size, were inadequate so that water could not flow under [Interstate 12]" without causing flooding. (*Id.* at ¶ 12). Allegedly, Defendants "knew in the 1960's of the design flaws of the to-be built highway, and they were warned as early as 1973 that the dirt embankment was causing upstream flooding after only minimal rainfall events." (*Id.* at ¶ 13). According to Plaintiff, past and future flooding events, namely, the floods in 1983, March 2016, and August 2016, were and will be caused by the openings or lack thereof under Interstate 12. (*Id.* at ¶ 14). Furthermore, Plaintiff contends that the flooding caused by Defendants' construction of this section of Interstate 12 was so "severe and repetitive" that it has damaged and condemned the property, both real and personal, of thousands of residents and property owners of Tangipahoa Parish resulting in a "governmental taking." (*Id.* at ¶¶ 15–16).

On March 10, 2017, Plaintiff filed his Complaint for Damages and Class Action against Defendants. (Doc. 1). On May 23, 2017, Plaintiff filed a motion to amend the complaint ("Motion to Amend"). (Doc. 6). The Motion to Amend sought leave to allow Plaintiff to amend the complaint to assert a claim for injunctive relief, under state law, against Defendants, State and DOTD. (*Id.*). Subsequently, on May 31, 2017, Defendants filed the instant Motion to Dismiss. (Doc. 7). At the time Defendants filed its Motion, the Court had not ruled on the Motion to Amend. Consequently, Defendants' Motion did not address the claim for injunctive relief that Plaintiff sought to add in his Amended Complaint. (Doc. 12). Thereafter, on July 3, 2017, the Court granted the Motion to Amend (Doc. 10) to which Defendants filed a supplemental memorandum in support of their Motion to Dismiss. (Doc. 13). On September 13, 2017, Plaintiff filed the instant second motion to amend the first

amended complaint, which seeks to add Secretary White and Commissioner Dardenne in an effort to defeat Defendants' assertion of sovereign immunity by asserting the *Ex parte Young* exception. (Doc. 16).

## II.  MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### 1. Legal Standard

If a party is not entitled to amend a pleading as a matter of course pursuant to Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[A] district court may refuse leave to amend," however, "if the filing of the amended complaint would be futile." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). Moreover, the Court may deny Plaintiff's Motion to Amend "if the complaint as amended would be subject to dismissal." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). In other words, a district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (quoting *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)); *see also Vaupel v. United States*, 491 F. App'x. 869, 874 (10th Cir. 2012) (affirming district court's refusal to permit amendment on grounds of futility where amended claims would be barred by sovereign immunity).

### 2. Sovereign Immunity

Plaintiff seeks leave to amend his previously amended complaint in an attempt to structure his claims within the narrow exception to the Eleventh Amendment

4

under the Supreme Court of the United States' holding in *Ex parte Young*, 209 U.S. 123 (1908). In opposition, Defendants argue that Plaintiff's proposed amendments are futile and should be denied pursuant to Rule 15 because, even with the amendments, the Court would continue to lack jurisdiction. (Doc. 19 at p. 1). In particular, Defendants assert that the proposed amendments would be futile because:

- The Proposed Second Amended Complaint states claims against Wilson and Dardenne only nominally, and the Eleventh Amendment bars suits against state officials when, as here, the state is the real party in interest;
- The Proposed Second Amended Complaint does not state a claim for prospective injunctive relief; rather, it seeks the removal of obstacles across the Tangipahoa River flood plain, *i.e.,* I-12, that were installed decades ago;
- The Proposed Second Amended Complaint does not seek to enjoin an ongoing violation of federal law; and
- The Proposed Second Amended Complaint does not state a claim for Fifth Amendment relief that is ripe under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson County*, 473 U.S. 172 (1985).

(*Id.* at p. 2). As long construed by the Supreme Court, federal judicial power does not extend to suits brought against a state or its agencies by its own citizens. *AT&T Commc'ns v. BellSouth Tele. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001). *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Hans v. Louisiana*, 134 U.S. 1 (1890). However, a state may waive its sovereign immunity by consenting to suit, and Congress may authorize a private party to bring a federal court suit against unconsenting states—neither of which has occurred in this instance. *AT&T Commc'ns*, 238 F.3d at 643 (citations omitted). The Eleventh Amendment also bars federal jurisdiction over suits against state officials acting in their official capacities when the state is the real, substantial party in interest, as

when the judgment sought would expend itself on the public treasury or domain, or interfere with public administration. *AT&T Comm'cns,* 238 F.3d at 643 (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984); *Virginia Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 255 (2011).

However, the Supreme Court has allowed suits against state officials for prospective injunctive relief to end a continuing violation of federal law under the doctrine of *Ex parte Young. AT&T Comm'cns,* 238 F.3d at 643. In other words, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Texas at Dallas,* 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). The *Ex parte Young* exception rests on the premise that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. *Virginia Office,* 563 U.S. at 255. In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Id.* (citations omitted).

Here, the proposed second amended complaint "seeks an injunction against [Secretary Wilson and Commissioner Dardenne] to prospectively enjoin them from perpetuating and acting in a way that creates ongoing and repetitive constitutional takings." (Doc. 16-2 at ¶ 36). Plaintiff's prayer for relief requests that the Court "order and enter an injunction against [Secretary] Wilson, [Commissioner] Dardenne, *and the State of Louisiana* providing that the obstacles across the Tangipahoa River flood

6

plain, namely I-12, be removed so that the ongoing takings no longer continue." (*Id.* at p. 9) (emphasis added).

The Court notes the following: first, it appears that the State is the "real party in interest" because the proposed amendments do not demonstrate how a federal court should command these state officials to refrain from violating federal law. In other words, it is unclear what actions were taken by Secretary White and Commissioner Dardenne, which result in an ongoing violation of federal law, that is, the takings clause. Second, a judgment for an injunction to compel the removal of a section of Interstate 12 would, undoubtedly, expend itself on the public treasury or domain and interfere with public administration.

Lastly, Plaintiff's proposed second amended complaint does not allege an ongoing violation of federal law nor has Plaintiff demonstrated that the injunctive relief requested is prospective in nature. Plaintiff's proposed second amended complaint asserts that Defendants constructed the portion of Interstate 12 at issue in the early 1970's and that its allegedly flawed design, which was known to Defendants, caused flooding in 1983 and 2016. (Doc. 16-2 at ¶¶ 13–14). Further, Plaintiff requests that this portion of Interstate 12 be removed to prevent ongoing takings; as well as just compensation for the past incidents. (*Id.* at p. 9). The Court finds that the relief requested is not properly characterized as prospective because Plaintiff does not seek to enjoin Defendants from taking any action in the future, such as the design or construction of any other highway projects. Instead, Plaintiff requests an injunction, in effect, to "undo" what the State did in constructing this portion of Interstate 12 and what Plaintiff claims has caused past flooding. Hence,

7

any such injunction would provide retrospective, not prospective, relief. *See Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344 (5th Cir. 2013) (quoting *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986) ("*[Ex parte] Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past.")). The Court notes that the alleged violations of the takings clause took place when the section of Interstate 12 was constructed, in the early 1970s, so even though Plaintiff and his purported class may suffer from the effects of this construction after "minimal rainfall events," Plaintiff has not alleged that Defendants committed a series of ongoing violations, such as constructing other interstates in Louisiana with the same flawed design with knowledge of potential flooding.

Nonetheless, the Court of Appeals for the Fifth Circuit has rejected Fifth Amendment takings claims on Eleventh Amendment immunity grounds in three prior cases.[1] *See e.g., Ysleta Del Sur Pueblo v. Texas*, 207 F.3d 658 (5th Cir. 2000) (unpublished)(the self-executing remedy of the takings clause of the Fifth Amendment does not provide an independent abrogation of the Eleventh Amendment by virtue of incorporation into the Fourteenth Amendment). *John G. and Marie Stella*

---

[1] As a general principle, the Eleventh Amendment bars Fifth Amendment reverse condemnation or takings claims brought in federal district court. *See e.g. Reich v. Collins*, 513 U.S. 106 (1994). Specifically, a remedy for past injury, even if it purports to be an injunction against state officers requiring the future payment of money, is barred because relief "inevitably come[s] from the general revenues of the State . . ., and thus . . . resembles far more closely [a] monetary award against the State itself," which is forbidden under the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 665 (1974). Therefore, from a remedial perspective, then, "just compensation" is on all fours with traditional monetary damages, which are the quintessential form of retrospective relief. *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008). Thus, reverse condemnation actions cannot qualify as claims for prospective relief, and *Ex parte Young* consequently does not apply. *Id.*

*Kenedy Mem. Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994) ("[A] Fifth Amendment inverse condemnation claim brought directly against the State . . . is . . . barred by the Eleventh Amendment."). *See also McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993) ("[e]ven if the Act amounted to a 'taking' under the Fifth Amendment . . . the appellants' claim would be barred because under the Eleventh Amendment, a citizen may not sue his own state in federal court"). Because the Court finds that Plaintiff's claims are barred by the Eleventh Amendment, with or without the addition of Secretary White and Commissioner Dardenne, the Court need not address the ripeness of the takings claims. Therefore, the proposed second amended complaint is futile and would not survive a motion to dismiss, warranting denial of the Motion for Leave to Amend.

### III. MOTION TO DISMISS

#### 1. Legal Standard

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when a court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.

*Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

## 2. Sovereign Immunity

As the Court has previously observed, the federal judicial power does not extend to suits brought against a state by its own citizens. The state's Eleventh Amendment immunity extends to any state agency or other political entity that is deemed the state's "alter ego" or an "arm of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). The First Amended Complaint, which is the operative complaint for the Motion to Dismiss, brings suit against only the State of Louisiana and the Louisiana Department of Transportation and Development, which is an arm of the state. The Fifth Circuit has found that, when a state statute creates an entity as a part of the state executive branch, such entity is properly characterized as an arm of the state by state law. *Delahoussave v. City of New Iberia*, 937 F.2d 129, 147 (5th Cir. 1986); *see also Darlak v. Bobear*, 814 F.2d 1055, 1059-1060 (5th Cir. 1987). The statute creating DOTD does so by including DOTD as part of the executive branch of the state government. La. R.S. 36:501, *et seq.* Therefore, the DOTD is an arm of the State of Louisiana and is thus entitled to Eleventh Amendment immunity.

Furthermore, with respect to the state law natural servitude of drain claims, which Plaintiff asserts also provide a basis for injunctive relief, such claims are also barred by the Eleventh Amendment. *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (citing *Pennhurst*, 465 U.S. at 106) ("since state law claims do not implicate federal rights or federal supremacy concerns, the [*Ex parte*] *Young* exception does not

apply to state law claims brought against the state."). Therefore, the motion to dismiss is GRANTED.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to File Second Amended Complaint and Class Action (Doc. 16)** filed by Plaintiff is **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 7)** filed by Defendants is **GRANTED.**

Baton Rouge, Louisiana, this **26th** day of February, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**